Jennifer Ann Gray (Lerma)
6021 East 27th Street
Tucson Arizona 85711
(520) 330-8281
Piha520@outlook.com
PLAINTIFF, Pro Se

FILED _____ LODGED
RECEIVED _____ COPY

FEB 26 2020

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# DISTRICT COURT OF ARIZONA
## IN AND FOR THE STATE OF ARIZONA

JENNIFER ANN GRAY,

                     *Plaintiff,*

vs.

(1) DONALD J. TRUMP, individually and in his capacity as President of the United States of America;
    *1600 Pennsylvania Ave NW*
    *Washington DC 20500*

(2) CHRISTOPHER WRAY, individually and in his capacity as Director of the Federal Bureau of Investigation and/or under the color of law;
    *935 Pennsylvania Avenue, NW*
    *Washington DC 20535-0001*

(3) MICHAEL POMPEO, individually and in his capacity as Secretary of State and as the former Director of the CIA;
    *2201 C Street, NW*
    *Washington DC 20520*

(4) STATE DEPARTMENT;
    *2201 C Street, NW*
    *Washington DC 20520*

(5) FEDERAL BUREAU OF INVESTIGATION;
    *935 Pennsylvania Avenue, NW*
    *Washington DC 20535-0001*

                     *Defendants.*

NO. CV-20-79-TUC-DCB

*amended* COMPLAINT

1. Fed Quest: Bivens Act
2. [440] Fed Quest: Other Civil Rights
3. Fed Quest: Violation of Due Process
4. Fed Quest: Violation of Constitutional Rights
5. Fed Quest: Violation of 5th 7 14th
6. Fed Quest: Tort Action
7. Fed Tort Claims Act: Liability of US
8. Violation of Equal Protection
9. Wiretapping: Injunctive relief & Civil Fines
10. Civil Damages for Interception Wire or Oral Communication
11. Other Personal Injury
12. Other Fraud
13. Qui Tam

PLAINTIFF, Jennifer Ann Gray, on behalf of herself and her complaint alleges the

following:

## I.   GENERAL ALLEGATIONS

1. This is a civil action pursuant to the Federal Tort Claims Act, Violations of Due Process & Equal Protection, the Bivens Act, Violations of Bill of Rights,

2. DEFENDANTS are ignoring the constitutional rights of PLAINTIFF to further an investigation into corrupt.   PLAINTIFF is entitled to compensation resulting from losses PLAINTIFF incurred through illegal acts committed by corrupt individuals that was known to DEFENDANTS at the time the acts were committed..

3. PLAINTIFF seeks damages for the property, incarceration, libel, slander, emotional duress, invasion of privacy

4. PLAINTIFF seeks the assistance of counsel in this matter with the opportunity to amend and or supplement this complaint.

## II.   PARTIES

1. PLAINTIFF

   a. At all times relevant to this complaint, Plaintiff JENNIFER ANN GRAY also known as JENNIFER ANN LERMA, (hereinafter "GRAY") was a resident of the State of Arizona and a citizen of the United States by birth.

   b. Plaintiff brings this action in her capacity as a single woman AND/OR as a married woman for community interests. Plaintiff was

married to JUAN MAURICIO LERMA, (hereinafter "LERMA") a green card holder. Plaintiff incurred damages as a single woman and as married woman.

2.  DEFENDANTS

    a.  At times relevant to this complaint, Defendant DONALD J. TRUMP (hereinafter "TRUMP") was a private citizen and a resident of the State of Florida.

    b.  At times relevant to this complaint, Defendant DONALD J. TRUMP was/is the President of the United States and   is being sued in his official capacity as the President of the United States and/or under the color of law.

    c.  At all times relevant to this complaint, Defendant MICHAEL POMPEO (hereinafter "POMPEO") is the Secretary of State of the United States of America and as his prior role as Director of the CIA. Defendant POMPEO is being sued in his individual capacity and/or under the color of law. Defendant POMPEO is a resident of Washington DC.

    d.  At times relevant to this complaint, Defendant CHRISTOPHER WRAY (hereinafter "WRAY") was/is the Director of the Federal Bureau of Investigation. Defendant WRAY is being sued in his individual capacity and/or under the color of law   Defendant WRAY is a resident of Washington DC.

e. At all times relevant to this complaint, Defendant, the FEDERAL BUREAU OF INVESTIGATION (hereinafter "FBI") is a federal agency of the United States of America.

f. At all times relevant to this complaint, Defendant, the STATE DEPARTMENT (hereinafter "STATE DEPT.") is a federal executive department of the United States of America.

3. TRUMP, WRAY, POMPEO, FBI, and STATE DEPT are collectively referred to as DEFENDANTS.

## III. JURISDICTION

a. 28 § U.S.C. 1391(e), 28 § U.S.C 2674

b. Federal Question Jurisdiction

c. Bivens v. Six Unknown Named Agents, 403 U.S 388.

d. Ziglar v. Abbasi, 582 U.S.

e. 28 § U.S.C. 1332 (a)(1). Diversity Jurisdiction

f. The amount in controversy exceeds $75,000.

g. Exceptional Circumstances

## IV. FACTS AND ALLEGATIONS

a. DEFENDANTS are targeting PLAINTIFF as an accomplice to a scheme being orchestrated by HILLARY CLINTON, JOE BIDEN, HUNTER BIDEN, and other unknown persons.

b. DEFENDANTS continue to ignore the constitutional rights of PLAINTIFF

4

to further that investigation.

c. DEFENDANTS are aware that PLAINTIFF is a U.S. citizen and located in the United States and not Ukraine.

d. PLAINTIFF is not an employee of any federal or state agency. PLAINTIFF has never knowingly spoken to any employee of the FBI[1], CIA, NSA, DEA or DOJ. PLAINTIFF has no agreement with any law enforcement nor has PLAINTIFF received any compensation from any state or federal agency in regards to this case or any case ever.

e. PLAINTIFF is being monitored and surveilled by DEFENDANTS or DEFENDANTS have knowledge that PLAINTIFF is being illegally targeted by corrupt individuals at federal agencies to cover the corrupt individuals own misconduct.

f. DEFENDANTS either instructed judges to rule against PLAINTIFF or DEFENDANTS wished to further their investigation into corrupt individuals that were instructing and bribing judges to rule against PLAINTIFF in her State cases and Federal cases.

g. DEFENDANTS either instructed the State Bar of Arizona not to assist PLAINTIFF with bar complaints or were aware (through their

---

[1] Plaintiff spoke with Caroline at the FBI regarding RICO violations that Plaintiff alleged the Tucson Police Department was trying to cover up in her forfeiture case. Plaintiff tried multiple times to speak with the FBI to alert them of the violations. Plaintiff assumes that the interview was recorded. At the time Plaintiff spoke with Caroline, Plaintiff had not discovered any of the information contained in this pleading. Plaintiff did file complaints online with the FBI multiple times regarding portions of the information contained in this complaint.

investigation) that corrupt individuals were instructing and bribing the State Bar of Arizona.

h.  DEFENDANTS either instructed the Arizona Judicial Commission on Ethics to ignore PLAINTIFFs complaints or were aware that corrupt individuals were instructing the Commission to rule against P'AINTIFF.

i.  DEFENDANTS intercepted email communications PLAINTIFF made for assistance or were aware that corrupt individuals were intercepting her communications to further their scheme.

j.  DEFENDANTS may not have been aware that PLAINTIFF was not involved in the scheme in the beginning, but when they did discover that PLAINTIFF was not involved, it should have ceased. PLAINTIFF was not and would not have benefited or been compensated by anyone in regards to her property being forfeited to the State. PLAINTIFF made every effort possible to fight the forfeiture.

k.  PLAINTIFF believes that her property was forfeited to the State because PLAINTIFF was thought to be an accomplice to the scheme and the Russian investigation.   PLAINTIFF was assumed to be 'ie individual responsible for conducting the research for the Steele Dossier that was funded by CLINTON, the BIDENS, and other unknown individuals. At a time unknown to PLAINTIFF, DEFENDANTS became aware that PLAINTIFF was not involved in the scheme.

l.  PLAINTIFF has discovered this information on her own.

m. PLAINTIFF is a reasonable person who has waited almost three years for this to resolve and it continues to this day. Had someone come to PLAINTIFF and explained what was occurring, PLAINTIFF would have been happy to assist the investigation.

n. PLAINTIFF does not feel secure and safe in her residence. Every attempt PLAINTIFF makes to be compensated only puts her life in more danger.

o. DEFENDANTS are either interfering with all attempts PLAINTIFF makes in trying to secure employment or they have knowledge of corrupt individuals interfering. DEFENDANTS are trying to make it appear that, PLAINTIFF is two separate individuals, one of which is "employed" with the CIA or FBI.

p. DEFENDANTS either changed PLAINTIFFs whistleblower complaint to the Ukraine complaint or are aware of individuals who did.

q. DEFENDANTS are filing "mirrored" documents in federal court every time PLAINTIFF files something in state court, regardless, if it has anything to do with this case. PLAINTIFF assisted family and friends with documents in a child support case, suspension in school, criminal case, a cancer case, etc.

r. DEFENDANTS are recording PLAINTIFF in her home or aware of corrupt individuals who are. DEFENDANTS are monitoring all of PLAINTIFF's communications.

s. DEFENDANTS interfered with PLAINTIFF's attempts to provide

7

beneficial information to counsel in the criminal case resulting in a No Contact Order being issued against PLAINTIFF.

t.  DEFENDANTS were aware that PLAINTIFF had to relinquish her firearm without justification.

u.  DEFENDANTS violated PLAINTIFFS constitutional rights and continue to do so.

## V.  CAUSES OF ACTION

1.  VIOLATION OF 1st AMENDMENT

    a.  PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set in forth in full.

    b.  PLAINTIFF has the right under the 1st Amendment to petition the government for a redress of grievances.

2.  VIOLATION OF 2nd AMENDMENT

    a.  PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set in forth in full.

    b.  PLAINTIFF has the right to bear arms and that right shall not be infringed upon.

3.  VIOLATION OF 4th AMENDMENT

    a.  PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those

paragraphs were set in forth in full.

b.  PLAINTIFF is entitled to protections under the bill of rights to be free from unreasonable searches and seizure.  The 4th Amendment limits the power of the government to interfere with people's affairs, property ownership, and unreasonable control by the government. DEFENDANTs have a duty to PLAINTIFF not to violate the Constitutional rights of PLAINTIFF.

c.  When DEFENDANTS became aware that PLAINTIFF was not involved in the scheme, PLAINTIFF should have been compensated for her loses in the forfeiture.

4.  VIOLATION OF 5TH AMENDMENT

a.  PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set in forth in full.

b.  PLAINTIFF has the right not to be deprived of Life, liberty, or property without due process of law. PLAINTIFF was denied this right.  Judges in PLAINTIFFs cases were instructed or bribed to rule against PLAINTIFF.

5.  VIOLATION OF 6th AMENDMENT

a.  PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set in forth in full.

b. PLAINTIFF has the right to compulsory process for obtaining witnesses. PLAINTIFF was denied this right.   Judges in PLAINTIFFs cases were instructed or bribed to rule against PLAINTIFF.

6. VIOLATION OF 7th AMENDMENT

a. PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set in forth in full.

b. PLAINTIFF had the right to a jury trial and preserved.

c. PLAINTIFF was denied this right.  Judges in PLAINTIFFs cases were instructed to rule or bribed to against PLAINTIFF.

7. UNKNOWN CAUSES OF ACTION

a. PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set in forth in full.

b.  PLAINTIFF reserves the right to make additions after consulting with counsel.   PLAINTFF has been deprived funds by the government.   PLAINTIFF has been denied assistance in receiving a billing a statement or the return of funds paid to counsel who was ordered withdrawn from a matter. These funds would have been used to hire counsel.

8. WIRETAPPING

i.  PLAINTIFF is under constant and daily harassment by the FBI.  Due to this, PLAINTIFF has filed this Complaint under duress.

VI.   **RELATED CASES.** PLAINTIFF has been involved in multiple cases in State Court and Federal Court.  These cases include pleadings and motions filed by PLAINTIFF that can shed further light on PLAINTIFFS position.

a.  Pima County Superior Court

     i.  C20170113- In re 2010 Lexus C2H, et al.

     ii.  C-20165683- State of Arizona v. Juan Mauricio Lerma

     iii.  C-20182682- In re Search Warrant 16SW

     iv.  C-20185683- Jennifer Lerma v. The City of Tucson, et al.

     v.  C-20193588- State Bar of Arizona v. Jennifer Lerma

b.  Arizona Court of Appeals, Division II

c.  Arizona Supreme Court

d.  District Court of Arizona

e.  9th Circuit Court of Appeals

f.  Attached to this complaint is additional information

VII.   **DAMAGES AND PRAYER FOR RELIEF**

a.  PLAINTIFF prays for the following relief:

     i.  Appointment of counsel

     ii.  Compensatory, General, and Punitive Damages.

     iii.  Injunction Relief

## VIII.  PRO SE LITIGANT

1.  Plaintiff GRAY is representing herself and without counsel due to the deprivation of funds by Defendants. GRAY reserves the right to include or exclude any information, statement, caselaw, statute, code, action, etc. that a competent attorney most likely would have included in this complaint.

2.  Plaintiff GRAY also reserves the right to amend and supplement this complaint. "A court must liberally construe the filing of a pro se litigant and afford the plaintiff the benefit of any reasonable doubt. Hebbs v. Pliler, 617 F 3d. 338, 342, (9th Circuit. 2010). "Unless it is absolutely clear that no amendment can sure a defect.... A pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to the dismissal of the action". Garrity v. APWU National Labor Org. 828 F 3d 848, 854 (9th Circuit 2016).

Under Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, (3) the factual contentions have evidentiary support or if specifically so identified with likely to have evidentiary support after a reasonable opportunity to further investigation and discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any change to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I affirm the foregoing as truth to the best of my knowledge and under penalty of perjury.

SUBMITTED this 26 day of FEBRUARY 2020.

*Jennifer Gray*

JENNIFER ANN GRAY (LEMIA),
Plaintiff